(Franklin County, Ohio, Court of Common Pleas, January Term, 1897.)

## NICHOLSON v. ROBERTS ET AL.

*Justice of Peace—Time after trial for entering judgment.*

1. The jurisdiction of justices of the peace to enter judgments in actions tried before them, is prescribed by section 6579, Revised Statutes, and the judgment of a justice rendered after the expiration of the time within which the rendition is expressly authorized by said section, is void for want of jurisdiction.

*Same.*

2. The parties to an action before a justice cannot, by agreement, confer on him jurisdiction to render judgment therein after the expiration of the period within which he is authorized by said section to render it.

*Retention of case by common pleas—When not admissible.*

3. When the justice's judgment is reversed by the common pleas on the ground that it was rendered after the expiration of the time authorized by statute, the reversing court will not retain the cause for trial and final judgment.

EVANS, J.

The powers of justices of the peace are purely statutory, (constitution, art. 4, section 9.) Their jurisdiction over the subject matter of an action is conferred on them by statute, and can be derived from no other source, nor in any other manner. Jurisdiction over the subject matter cannot be conferred by agreement of the parties. Brown on Jurisdiction, section 10; McCleary v. McLain, 2 Ohio St. 368; Gilliland v. Administrators, etc., 2 Ohio St. 223; The Dayton & W. R. R. Co. v. Marshall, 11 Ohio St. 501; Rosenbrough v. Ansley, 35 Ohio St. 107. When a general jurisdiction of the subject matter exists, but the statute has prescribed the mode and particular limits in which it may be exercised, it must be confined to the limits thus prescribed, and cannot be exercised in any other manner, nor upon any other terms. McCleary v. McLain, supra, 369.

Revised Statutes, section 6579, provides: "Upon a verdict the justice must immediately render judgment accordingly. When the trial is by the justice   *   *   *   it must be entered either at the close of the trial, or if the justice then desires further time to consider, on or by the fourth day thereafter, both days inclusive."

In the case in review the trial was by the justice on the 15th of October, 1896, and his decision was "reserved by agreement of parties to October 20, 1896;" on which date he found the defendant was indebted to the plaintiff therein in the sum of $35.84, and thereupon entered judgment accordingly. The present proceeding is to obtain a reversal of this judgment. The judgment should be reversed, but should the cause be retained by this court for trial and final judgment? Section 6733, Revised Statutes, provides: "When the proceedings of a justice of the peace are taken in error to the court of common pleas, and the judgment of such justice is reversed or set aside, the court shall render judgment of reversal, and for costs that have accrued up to that time, in favor of the plaintiff in error, and award execution therefor; and the cause, except when the reversal is because the justice had no jurisdiction of the plaintiff in error, or of the subject of the action, shall be retained by the court for trial and final judgment, as in cases of appeal."

In Robinson v. Krous, 4 Ohio St. 593, the court say: "Section 107, (now section 6579), "of the justices' code provides that 'upon a verdict, the justice must immediately render judgment accordingly. This provision may not make a judgment rendered upon a subsequent day absolutely void, but it makes it irregular, and for such irregularity, when not waived, it is reversible. The common pleas, upon the reversal of such a judgment, must retain the cause for trial and final judgment." And in The Adams Express Co. v. St. John, 17 Ohio St. 641, the court briefly disposes of the case as follows: "The only question involved in this case is whether, upon the reversal of a justice's judgment in the common pleas,

on petition of the defendant, for the reason that the justice had no jurisdiction of his person, the cause can properly be set down for trial and final judgment, against the defendant's consent? We answer that question in the affirmative. The defendant, by filing his petition in error, submits himself to the jurisdiction of the court for trial of the case under the statutory provision on that subject." These authoritative decisions would require a retention of the cause by this court, if the legislation under which they were rendered had not been materially changed since their rendition. The statute, supra, section 6733, (old Code section 532), was amended April 18, 1870, (67 Ohio Laws, page 115.) Before the amendment the provision read "and the cause shall be retained by the court for trial and final judgment;" but it now reads, "and the cause, except when the reversal is because the justice had no jurisdiction of the plaintiff in error, or of the subject of the action, shall be retained by the court for trial and final judgment." Under the section as it now reads, when the reversal is because the justice had no jurisdiction, the cause cannot be retained by the reversing court for trial and final judgment.

The rendition of the judgment by the justice subsequent to the time within which he was authorized by statute to render it, was not an irregular exercise of power, for the power to render it no longer existed. When his power to determine the controversy by a valid judgment ceased, his jurisdiction ended. The legal effect of such a failure in duty was a discontinuance of the action. (Dunlop v. Robinson, Adm'r., 12 Ohio St. 530, 534; Eaton v. French, 23 Ohio St. 560.)